UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:20-CR-073-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| ANN MARIE DOWNEY, | ) | **JUDGE'S RECOMMENDED** |
| | ) | **DISPOSITION** |
| Defendant. | ) | |

*** *** *** ***

Before the Court is the Recommended Disposition entered in this matter by United States Magistrate Judge Hanly A. Ingram. [R. 65]. The Recommended Disposition addresses the United States Probation Office's ("USPO") Supervised Release Violation Report ("the Report") and its First and Second Addendum, which allege that Defendant Ann Marie Downey committed a Grade C violation and Grade B violation of her conditions of supervised release. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommended Disposition.

Concerning Violation #1, the Report alleges that on October 14, 2021, Defendant left her inpatient treatment facility without authorization. *Id.*, at p. 2. The report alleges that this conduct violates her special condition of supervised release requiring residential inpatient treatment. *Id.* The report alleges that Violation #1 constitutes a Grade-C violation. *Id.* Violation #2 was raised in the First Addendum, which alleges that Defendant was arrested by local law enforcement on November 8, 2021 and was charged in Perry District Court with possession of methamphetamine and drug paraphernalia. *Id* at 3. The Addendum alleges that this conduct violates the condition of her supervised release that prohibits committing another federal, state, or local crime. *Id.* at 2. The

First Addendum alleges that Violation #2 constitutes a Grade B violation. *Id.* In its Second Addendum, USPO reports the resolution of the state court proceedings, stating that on April 1, 2022, Defendant pleaded guilty to the charges. *Id.* at 3.

On September 14, 2022, the Court conducted an initial appearance on the charged violations during which the United States moved for detention, and Defendant did not object. [R. 58]. On September 19, 2022, the Court referred the matter to the Magistrate Judge for a final revocation hearing and recommended disposition. [R. 62]. The Magistrate Judge conducted the final revocation hearing on September 29, 2022 during which Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. [R. 64]. In doing so, she admitted to the factual basis for each of the violations. *Id.* the Magistrate Judge considered Defendant's stipulation and found that the United States established all three violations under the standard set forth in 18 U.S.C. § 3583(e). *Id.* The Magistrate Judge then heard the Parties' respective positions on the penalty that will be imposed. *Id.* On September 30, 2022, the Magistrate Judge issued his Recommended Disposition. [R. 65]. In the Recommended Disposition, the Magistrate Judge summarized the Parties' positions on penalty, applied the pertinent legal authorities, and recommended a within-Guidelines sentence of nine months of incarceration. *Id.*, at p. 4–7.

Having reviewed the record and the arguments of counsel, the Magistrate Judge considered all statutory factors imported into the 18 U.S.C. § 3583(e) analysis, as well as the applicable Sentencing Guidelines range. *Id.* The Magistrate Judge considered the nature and circumstances of Defendants conviction, finding that it is a serious crime influenced by her methamphetamine addition. *Id.* at 7. The Magistrate Judge considered Defendant's history and characteristics, including her past trauma, addiction, and diagnosed psychological disorders, finding her mental health challenges to be mitigating. *Id.* The Magistrate Judge considered the need to deter criminal

conduct and protect the public, finding a heightened need to protect the public from Defendant's dangerous propensities when using drugs and that Defendant's violation conduct, including leaving impatient treatment, make her less amenable to rehabilitation through supervision. *Id.* The Magistrate Judge considered the need to address Defendant's breach of the Court's trust, noting that this is the third time that Defendant has been charged with violations involving illegal drug use, that Defendant received leniency in the two previous occasions, and that past penalties have failed to deter Defendant's drug use. *Id.* at 8. Based on these facts, the Magistrate Judge found that home incarceration would be inadequate to deter additional criminal conduct and protect the public. *Id.* The Magistrate Judge recommends a within-Guidelines sentence of incarceration for a term of nine months with no subsequent supervised release. *Id.* at 9.

On October 25, 2022, the Court conducted an allocution hearing. During the hearing, Defendant stipulated to the violations contained in the Supervised Release Violation Report and the Court found the Defendant to be fully competent and capable of entering an informed stipulation. The Court heard argument from counsel regarding the sentence to be imposed and Defendant allocuted.

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed with fourteen days. *Id.* at 9. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Generally, this Court must make a de novo determination of those portions of the Report & Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district

court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition except that, for the reasons stated on the record during the October 25, 2022 allocution hearing, the Court will sentence Defendant to a term of incarceration of eight months with no supervised release to follow.

Accordingly, the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED as follows:

1. The Magistrate Judge's Report & Recommendation [**R. 65**] is **ADOPTED** as the opinion of this Court to the extent that it is consistent with this Order.

2. Defendant is found **GUILTY** of Violation #1 and Violation #2.

3. Defendant's supervision is **REVOKED**.

4. Defendant is **SENTENCED** to a term of incarceration of **eight months with no supervised release to follow**.

5. Judgment shall enter promptly.

This the 26th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY